STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-75
*DHM-KEN 4/6/2002*

HARVEY PICKER,

Petitioner

v.

THE STATE OF MAINE,
DEPARTMENT OF
ENVIRONMENTAL
PROTECTION

Respondent

and

JOHN JENKINS, SALLY
O. SMYTH, and DR.
FRANCES YATES,

Parties-in-Interest

**DECISION ON MOTIONS**

DONALD L. GARBRECHT
LAW LIBRARY

MAY 10 2002

This matter is before the court on petitioner's motion to specify the course of proceedings and respondent's motion to strike count II of petition for review. Petitioner's motion to strike respondent's memo in opposition/respondent's motion to strike has been withdrawn.

This matter is a petition for review of final agency action in accordance with M.R. Civ. P. 80C with independent claim for relief under the Declaratory Judgment Act. The petitioner has title to real estate on the shore of Sherman Cove in Camden. The petitioner submitted to respondent DEP an application for approval of a proposed marine railway pursuant to the Natural Resources Protection Act (NRPA), 38 M.R.S.A. §§ 480-A to 480-Z. The parties-in-interest named in the petition are property owners in Camden who actively participated in the proceeding before the DEP. Upon receipt of

the application, the DEP notified the petitioner that the application was acceptable for processing and sent copies of the application to project review agencies for comment. In August, 2001, the DEP advised the petitioner that he had not "clearly demonstrated sufficient right, title or interest to construct the marine railway as planned." The respondent asserts that a restrictive covenant within the petitioner's deed to the property precludes him from altering a buffer strip through which the proposed marine railway would run. Petitioner responded that, as a matter of law, he owns, in fee simple, the entire area in question and that Maine law does not consider restrictive covenants relevant to a property owner's right to obtain approval for a proposed land use. The DEP was not swayed and it terminated all review of the application. In doing so, the DEP advised that it relied upon information received from the parties-in-interest.

It would appear that petitioner's property is within a subdivision known as Norumbega Community Association, Inc. In accordance with the bylaws of said subdivision, each of certain lot owners in the subdivision have the right to prevent violation of any restriction, covenants, or agreements contained in the deeds. Petitioner's deed contains the following restrictive covenant:

> The portion of the premises lying within seventy-five (75) feet of mean high water line of Sherman Cove shall be maintained and remain in its natural state. Removal of live trees, or the displacement of rocks, topsoil and any other activity which would cause or allow increased soil erosion are prohibited within said strip without written permission of the Maine Department of Environmental Protection . . .

By footnote in its memorandum, the respondent advises that this restrictive covenant was required by conditions 3 and 4 of a Site Location Order issued by DEP on August 25, 1980. This order approved the subdivision including the petitioner's property subject to the condition that a 75 foot buffer strip be maintained from the mean high

tide line of the Cove in lots 16, 17, 18, 19, and 20 and such covenant be included in the deed for these lots.

DEP relies upon *Murray v. Inhabitants of the Town of Lincolnville*, 462 A.2d 40 (Me. 1983) and *Southridge Corp. v. Board of Environmental Prot.*, 655 A.2d 345 (Me. 1995) in support of its position that petitioner lacks "sufficient right, title or interest" because other lot owners, such as the parties-in-interest have the right to seek an injunction of petitioner's activity if in violation of the restrictive covenant. This court holds that the DEP's conclusion in this regard is in error.

*Murray* involved an action by property owners challenging the action by the Maine Board of Environmental Protection and the Lincolnville Planning Board granting permission to an individual to construct a condominium development. The abutting landowners argued that the developer lacked any "right, title or interest" in the land he proposed to develop and that he therefore lacked "administrative standing" to seek and win development approval from the BEP or the planning board. *Murray*, 462 A.2d at 41. The developer did not own the land but was a party to a purchase contract for which he had paid an earnest money deposit. The contract was somewhat contingent in that if the seller did not obtain approval of a subdivision plan prior to closing, the purchasers could withdraw money deposits. The court notes that the concept of administrative standing arises out of *Walsh v. City of Brewer*, 315 A.2d 200 (Me. 1974) as an "indispensable and valid condition for 'applicant' eligibility." It said that an applicant for a license or permit to use property in certain ways must have "the kind of relationship to the . . . site," that gives him a legally cognizable expectation of having the power to use that site in ways that would be authorized by the permit the licensee seeks. This principle intended to prevent an applicant from wasting an administrative

3

agency's time by applying for a permit or license that he would have no legally protected right to use. *Murray*, 462 A.2d at 43. The court concluded that the fact that the developer could exercise an option not to purchase the property did not deprive him of standing reasoning that the circumstances were no different than the right of an owner of property to sell his land at any time. The court concludes "a single principle applies to both fact patterns, however: a conditional contract to buy land gives the buyer standing to seek permission to develop or otherwise use that land so long as the condition does not operate to make the entire contract revocable at the whim of the seller." *Murray*, 462 A.2d at 44.

*Southridge Corp.* is even more closely aligned with the facts of the instant case. In *Southridge Corp.*, the landowners' interest in the real estate was subject to a potential disputed adverse possession claim over a portion of the property with the possibility that an adjacent landowner could prevail on the dispute. The disputed parcel contained the landowner's septic system. It is an after-the-fact permit granted by the DEP. The court acknowledged that it was possible that the adjacent landowner might prevail in the adverse possession claim in which case, the permit could be revoked. The court concluded, however, that this possibility neither deprives the landowner of their current interest in the land nor their administrative standing.

Circumstances in the instant case are even more compelling. That Mr. Picker owns the real estate in fee simple is not disputed. Nor can it be disputed that Mr. Picker has the right to use his property in all ways and for all purposes not contrary to law. He has the right to use the portion of his property line within 75 feet of the mean highwater line of Sherman Cove provided it is not contrary to law nor contrary to the restrictive covenant in his deed. It may well be that Mr. Picker can construct a marine

4

railway within the 75 feet without being in violation of the restrictive covenant. That question is not before this court. The question before this court is whether Mr. Picker has "the kind of relationship to the . . . site, that gives him legally cognizable expectation of having the power to use that site in the way that would be authorized by the permit or license he seeks." *Southridge Corp.*, 655 A.2d at 348 (citing *Walsh v. City of Brewer*, 315 A.2d at 207.

The first sentence in the restrictive covenant requires that the property remain in its natural state. This is an ambiguous term subject to interpretation under all of the circumstances. The second sentence prohibits certain activities but only if they would have the effect of causing or allowing increased soil erosion and then it is entirely contingent upon written permission of the Maine Department of Environmental Protection. Because the Maine DEP, at its behest, has interjected itself into this restrictive covenant, it requires its action in the first instance. Regardless of the deeded rights of the other property owners to protect and enforce the restrictive covenants, it all becomes moot and nonjusticiable without "written permission of the Maine Department of Environmental Protection . . ."

The covenant is silent as to whether that permission requires a formal application under the Natural Resources Protection Act or whether this is simply a requirement that the DEP determine whether or not the proposal to remove live trees or displace rocks, topsoil or any other activity would cause or allow increased soil erosion. Since there is no evidence before this court to cause it to be indisputable that the petitioner cannot construct his marine railway without being in violation of the restrictive covenant, contingency rests entirely with the Maine DEP and it is a misreading of the principles of *Southridge* and *Murray* to conclude that the law of Maine is otherwise.

5

This court draws no conclusion as to the wisdom of the inclusion of the Maine DEP in such restrictive covenant but in doing so, it has created in itself a gatekeeper responsibility and the adjoining landowners should not be burdened by unnecessary litigation any more than the abutting landowners in *Southridge* would be required to litigate an adverse possession claim.

The entry will be:

The petitioner's motion to specify the course of proceedings is DENIED; respondent's motion to strike count II of petition is DENIED; petitioner's petition is DISMISSED without prejudice; the court finds the administrative exclusion by the respondent Department of Environmental Protection to be in violation of law; the matter is REMANDED to the Maine Department of Environmental Protection for further proceedings in accordance with paragraph 9 of the deed of Harvey Picker dated October 6, 1981, recorded in the Knox County Registry of Deeds, Book 843, Page 344, and consistent with the August 25, 1980 Site Location Order of the Department of Environmental Protection within which the deed was created.

Dated: April____4____, 2002

Donald H. Marden
Justice, Superior Court

6

Date Filed __10/17/01__ ____Kennebec____ Docket No. __AP01-75__
County

Action ___Petition for Review___
80C

Harvey Picker                               vs.  Dept. of Envir. Prot., John Jenkins, Sally

| Plaintiff's Attorney | Defendant's Attorney O. Smith & Dr. Yates |
|---|---|
| John C. Bannon, Esq.<br>75 Pearl Street<br>Portland, Maine 04104 | Margaret McCloskey, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006<br>Wm. Ferinand, Esq.<br>77 Sewall St., Suite 3000<br>Augusta, Maine 04330-3000 |

| Date of Entry | |
|---|---|
| 10/17/01 | Petition for Review of Final Agency Action, with Independent Claim for Relief, filed. s/Bannon, Esq. |
| 10/26/01 | Petitioner's Motion to Specify the Course of the Proceedings, with Integrated Memorandum of Law, filed. s/Bannon, Esq.<br>Proposed Order on Petitioner's Motion to Specify the Course of the Proceedings, filed.<br>Petitioner's Request for Certification of Parties, filed. s/Bannon, Esq. |
| 11/19/01 | Motion for Enlargement of Time in Which to File Memorandum in Reply to Motion to Specify the Course of the Proceedings, filed. s/McCloskey, AAG<br>Proposed Order Granting Enlargment of Time, filed. |
| 11/21/01 | ORDER GRANTING ENLARGEMENT OF TIME, Marden, J. (11/20/01)<br>The motion filed by respondent Maine Department of Environmental Protection requesting additinal time to file its reply to the petitioner's motion to specify the course of the proceedings is granted. The respondent shall file it reply on or before December 10, 2001.<br>Copies mailed to attys. of record. |
| 12/10/01 | Respondent's Memorandum in Opposition to Petitioner's Motion to Specify the Course of the Proceedings and Motion to Strike Count II of Petition for Review, filed. s/Harnish, AAG |
| 12/17/01 | Petitioner's Unopposed Motion to Enlarge Time to Respond to Respondent's Memorandum in Opposition to Petitioner's Motion to Specify the Course of the Proceedings and Motion to Strike Count II of Petition for Review, filed. s/Bannon, Esq.<br>Proposed Order, filed. |
| 1/15/2002 | Petitioner's Reply to Respondent's Memorandum in Opposition to Petitioner's Motion to Specify the Course of the Proceedings and Motion to Strike Count II of Petition Review; s/J. Bannon, Esq. & J. Shumadine, Esq.<br>Motion to Strike Respondent's Memorandum in Opposition to Petitioner's Motion to Specify the Court of the Proceedings and Motion to Strike Count II of Petition for Review with Incorporated Memerandum of Law; s/J. Bannon, Esq.   (filed 1/11/02) |

over