STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 NOV 17 A 10: 56 REC -

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-15

ROBERT C. COLLINS,

Petitioner

v.

STATE OF MAINE DEPARTMENT
OF ENVIRONMENTAL PROTECTION,

DECISION ON PETITIONER'S
80C APPEAL

and

DAWN R. GALLAGHER, in her capacity
as Commissioner of the Maine Department
of Environmental Protection,

Respondents

DONALD L. GARBRECHT
LAW LIBRARY

DEC 30 2004

## FACTUAL BACKGROUND

Lake Sebago Estates in Naples, Maine is a subdivision that was developed pursuant to a permit issued by the Department of Environmental Protection (DEP) under the Site Location of Development Law (Site Law). That permit was approved with conditions aimed at minimizing the project's environmental impacts and included a requirement that no construction or clearing take place on lots 35 through 42 outside an area specified on an approved plan as the "buildable area." Pursuant to the permit, as well as a Declaration of Covenants signed by the developer, the covenants and restrictions set out in the permit "are imposed as part of a common scheme in the [Lake Sebago Estates] subdivision ... and shall run with the land and shall be binding on all parties who purchase lots in [the] Subdivision." Certified Administrative Record, Tab 3,

Page 4 (hereinafter "CAR T.___ P.___"). Further, under the Declaration, "[u]pon the sale of the last Lot in [the] subdivision," the developer was to assign the right to enforce the restrictions in the Declaration to the Lake Sebago Estates Homeowners Association "who shall have the right to proceed at law or in equity against any lot owner who violates any of the conditions and restrictions" contained in it. *Id.*

On June 30, 1994, Petitioner Robert Collins purchased Lot 35 in Lake Sebago Estates in Naples, Maine ("the property"). The property is currently undeveloped. On September 2, 2003, the petitioner entered into a purchase and sale agreement for the property with Normand Berube Builders, Inc. ("Berube" or "Applicant") who, in turn, submitted to the DEP an Application for Project Modification, dated November 26, 2003, requesting that the permit be changed to allow Berube to develop the property outside the area designated on the plan. Vivian Hathaway, the owner of Lot 37, submitted a letter to the DEP on January 14, 2004 objecting to Berube's application.

On February 12, 2004 the DEP informed Berube that it was returning the application because "the applicant ha[d] not shown sufficient evidence of title, right or interest to apply for the permit on the project site." CAR T.10. The petitioner thereafter filed this appeal of final agency action under M.R. Civ. P. 80C. The parties have stipulated to: (1) the petitioner's ownership of the property subject to the provisions of the Declaration of Covenants; and (2) the fact that Berube has the legal right and standing to pursue an application for a permit modification to the same extent that the petitioner has such a right. *See* Stipulation.

## DISCUSSION

Petitioner argues that the decision of the DEP to return the application without substantive review was arbitrary, capricious, characterized by abuse of discretion, an error of law and unsupported by substantial evidence on the whole record. He is therefore appealing the decision and asks the court to remand the case to the DEP for

substantive consideration of the application. He maintains that the covenants and restrictions placed on the property did not deprive the Applicant of sufficient "title, right or interest" to pursue a modification of the permit and that adequate proof of title, under the applicable administrative rule, was submitted with the application. The petitioner argues that, under the Rule, ownership of the property, as evidenced by a valid deed of ownership, is proof of sufficient title, right or interest to warrant substantive review of the application by the DEP. Similarly, the petitioner argues that the purchase and sale agreement entered into by the petitioner and Berube conferred sufficient title, right or interest in Berube to warrant substantive review of the application.[1]

Standard of Review

In the context of an appeal under M.R. Civ. P. 80C, "[a]n administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Bd. of Exam'rs of Psychologists,* 2000 ME 206, ¶ 9, 762 A.2d 551, 555. Further, "[w]hen the dispute involves an agency's interpretation of a statute administered by it, the agency's interpretation, although not conclusive on the Court, is accorded great deference and will be upheld unless the statute plainly compels a contrary result." *Maine Bankers Ass'n v. Bureau of Banking,* 684 A.2d 1304, 1306 (Me. 1996).

Under 38 M.R.S.A. § 341-D(1-B) (2001), the Board of Environmental Protection is charged with adopting "reasonable rules ... necessary for the interpretation, implementation and enforcement of any provision of law that the [DEP] is charged with

---

[1] Pursuant to the Stipulation, the parties agree that Berube has standing to pursue the application to the same extent that petitioner does. The issue before the court, therefore, is whether the covenants and restrictions that run with the land under the permit and Declaration of Covenants preclude either of them from having sufficient title, right or interest in the property to pursue an application for modification.

administering." Pursuant to this directive, the Board adopted Chapter 2: Rules Concerning the Processing of Applications, which includes Me. Dep't of Envtl. Prot. 06 096 CMR 002-11(D), the Rule at issue in this case. Me. Dep't of Envtl. Prot. 06 096 CMR 002-11(D) ("Rule") reads, in relevant part:

> **Title, right or interest.** Prior to acceptance of an application for processing, an applicant shall demonstrate to the Department's satisfaction sufficient title, right or interest in all of the property that is proposed for development or use. An applicant must maintain sufficient title, right or interest throughout the entire application process. Methods of proving title, right or interest include, but are not limited to, the following:
>
> > (1) When the applicant owns the property, copy of the deed(s) to the property must be supplied;
> >
> > (2) When the applicant has a lease or easement on the property, a copy of the lease or easement must be supplied. The lease or easement must be of sufficient duration and terms, as determined by the Department, to permit the proposed construction and reasonable use of the property ...
> >
> > (3) When the applicant has an option to buy or lease the property, a copy of the option agreement must be supplied. The option agreement must be sufficient, as determined by the Department, to give rights to title, or a leasehold or easement of sufficient duration and terms to permit the proposed construction and use of the property ...
>
> > ...

*Id.*

Under this Rule, "title, right or interest in all of the property that is proposed for development or use," must be demonstrated to the satisfaction of the DEP in order for an application to be substantively reviewed. *Id.* This requirement is akin to the standing requirement for judicial action. The Law Court, in *Murray v. Inhabitants of the Town of Linconville*, 462 A.2d 40 (Me. 1983), clarified the concept of administrative standing and its role as "an administrative and valid condition for 'applicant' eligibility." *Id.* at 43 (quoting *Walsh v. City of Brewer*, 315 A.2d 200, 207 (Me. 1974). In that case, the court stated that "[a]n applicant for a license or permit to use property in certain ways

must have the kind of relationship to the site that gives him a legally cognizable expectation of having the power to use that site in the ways that would be authorized by the permit or license he seeks." *Id.* (internal citations omitted). In determining whether a conditional contract to purchase land constituted too tenuous an interest in property to pursue a land use permit, the Law Court in *Murray* applied this general standing principle and found that "a conditional sales contract to buy land" is sufficient to give "the buyer standing to seek permission to develop or otherwise use that land so long as the condition does not operate to make the entire contract revocable at the whim of the seller." *Id.* at 44.

Similarly, in *Southridge Corp. v. Bd. of Envtl. Prot.*, 655 A.2d 345 (Me. 1995), the Law Court held that a landowner whose interest in real estate was based entirely on an adverse possession claim had sufficient right, title or interest in the disputed land to apply to the DEP for a permit. *Id.* at 348. Although the court acknowledged that it was possible that the applicant "might not prevail in his adverse possession claim," and that the permit might consequently be revoked, it ultimately concluded that that possibility "neither deprive[d] ... [the landowner of his] current interest in the land nor [his] administrative standing." *Id.*

In this case, it is not disputed that the petitioner owns the property in fee simple. As such, the petitioner has the right to use the property in all ways not contrary to law or to the restrictive covenants in his deed. Further, under *Murray* and pursuant to the stipulation, to the extent that the petitioner possesses sufficient title, right and interest in the property to have standing, so too does Berube, notwithstanding the fact that his interest is acquired by way of a conditional contract to purchase the property. Having said that, the facts in this case distinguish it from both *Murray* and *Southbridge.* In those cases, although the relationships of the applicants to the land were in some ways more tenuous because they were conditional, the ownership interests claimed by the

applicants in those cases were unrestricted by appurtenant covenants prohibiting the proposed use.

Here the petitioner's interest is unconditional but the ownership interest is limited by explicit, unambiguous land-use restrictions. There is no evidence in the record to suggest that the restrictive covenants contained in the petitioner's deed will be modified or extinguished if his application to the DEP is granted. Instead, even if the court were to assume, *arguendo*, that the DEP would grant the application and approve petitioner's proposed use of the land, his ownership interest in the property, subject as it is to covenants prohibiting development, would still preclude him from utilizing the permit and making use of the land in the manner proposed. This restriction in his title could reasonably be said to prevent both the petitioner and Berube from possessing a "cognizable expectation of having the power to use that site in the ways that would be authorized by the permit or license [they seek]." *Murray*, 462 A.2d at 43. Therefore, the DEP's determination that the covenants and restrictions in the petitioner's deed precluded his eligibility to apply for a project modification, did not constitute an abuse of that agency's considerable discretion nor arbitrary action. Rather, the decision by the DEP to deny the application without substantive consideration was an exercise of the Department's considerable discretion to limit the time and resources it expends in processing requests for permit modification to those projects most likely to come to fruition.

Because the petitioner and applicant are not presently able to use the site as the application proposes, it was within the DEP's discretion to refuse to process the application and to reserve the expenditure of its time and resources for applications that are not dependent on the occurrence of a contingency.

The entry is

'The Decision of the Maine Department of Environmental Protection is AFFIRMED.

Dated at Portland, Maine this ___16th___ day of ___November___ , 2004.

Robert E. Crowley
Justice, Superior Court

CLERK OF COURTS
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

MICHAEL VAILLANCOURT ESQ
PAUL THELIN ESQ
AINSOWRTH THELIN CHAMERLIN & RAFTICE
PO BOX 2512
SOUTH PORTLAND ME 04116-2412

CLERK OF COURTS
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

MARGARET BENSINGER AAG
DEPARTMENT OF THE ATTORNEY GENERAL
SIX STATE HOUSE STATION
AUGUSTA ME 04333-0006