## ROCKLAND PLAZA REALTY CORPORATION

v.

## LaVERDIERE'S ENTERPRISES, INC. and Valmore Blastow.

Supreme Judicial Court of Maine.

Argued June 1, 1987.
Decided Oct. 9, 1987.

Robert A. Laskoff, P.A., Charles E. Trainor (orally), Lewiston, for plaintiff.

William R. Stokes (orally), Lipman & Katz, Augusta, for LaVerdiere's.

Paul Gibbons (orally), Cathy G. Morgan, Calderwood, Ingraham & Gibbons, Camden, for City of Rockland and Valmore Blastow.

Before McKUSICK, C.J., and NICHOLS, ROBERTS,* GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The plaintiff, Rockland Plaza Realty Corporation, appeals from a judgment of the Superior Court, Knox County, following a Rule 80B appeal, affirming the decision of the Rockland Zoning Board of Appeals which upheld the Rockland Planning Commission's unanimous approval of a site plan application submitted by LaVerdiere's Enterprises, Incorporated. Rockland Plaza contends that the Commission exceeded its authority because the site plan provided for parking spaces in a narrow strip of land marked on the plan "reserved for a road."

On November 11, 1985, LaVerdiere's submitted to Valmore Blastow, the Rockland Code Enforcement Officer, an application to build a retail drug store with a parking lot fronting Maverick Street in Rockland. Blastow approved the application, noting that it complied with a city ordinance that requires a ratio of three square feet of off-street parking for each square foot of floor area.[1] The Rockland

---

* Roberts, J., sat at oral argument and participated in the initial conference, but participated no further.

1. Rockland, Me., Code § 19–307(6) (1983) provides as follows:

*Retail Stores and Shopping Centers.* Sufficient space shall be provided at each retail store or shopping center to provide at least three (3) square feet of off-street parking space for each one (1) square foot of floor area.

Planning Commission met on November 25, 1985, and unanimously approved LaVerdiere's site plan application, noting that the proposed project met the standards set forth in the site plan review ordinance.[2]

Rockland Plaza appeared before the Commission to oppose approval on the ground that the site plan submitted by LaVerdiere's included parking spaces on a narrow strip of land extending at a right angle from Maverick Street along one edge of LaVerdiere's lot. This narrow strip of land was denominated "reserved for a road" on the site plan. Rockland Plaza owned property abutting both a part of this narrow strip and LaVerdiere's lot. Following the vote approving LaVerdiere's site plan the Planning Commission adopted a motion to include in its written findings a statement that "the parking area for this project meets the existing parking area requirements and approval of the [site] plan is not to be construed as granting any special rights for the use of the existing right of way."

Rockland Plaza appealed the Planning Commission's approval to the Rockland Zoning Board of Appeals, which on January 21, 1986, voted 3–2 to deny Rockland Plaza's appeal. Rockland Plaza then filed a timely appeal pursuant to 30 M.R.S.A. § 2411(3)(F) (1978) and M.R.Civ.P. 80B alleging that the Planning Commission had, by approving the site plan without a determination whether the portion marked "reserved for a road" was a private or public way, impaired Rockland Plaza's "right to development of said right of way into a road for ingress and egress to its land." The Superior Court affirmed the decision of the Board of Appeals, noting that the record before the court was inadequate to permit determination of the parties' property rights. The court also noted that the Planning Commission was not the proper forum to adjudicate property rights nor was a Rule 80B appeal "the proper proceeding to determine such rights."

■ Rockland Plaza contends on appeal before this court, as it contended in the Superior Court, that the Planning Commis-

sion either contravened or ignored Rockland, Me., Code § 16–204(2) (1983), which provides as follows:

A site plan shall be approved unless in the judgment of the Planning Commission one or more of the following conditions are found to exist:

(2) ... The size and location of the proposed building and structures and the proposed uses thereof will be detrimental or injurious to other private or public development in the neighborhood, or will impose significant burdens upon public facilities.

Where, as here, the Superior Court acts as an intermediate appellate court, not receiving additional evidence, the Law Court will directly examine the record as developed before the administrative agency. *Hammond Lumber Co. v. Finance Authority of Maine,* 521 A.2d 283, 288 (Me.1987); *Radin v. Crowley,* 516 A.2d 962, 964 (Me. 1986). Our review in this instance is limited to determining whether the Planning Commission abused its discretion or committed an error of law in approving LaVerdiere's site plan based on its own interpretation of the review ordinance as applied to the site plan before it. *See Spain v. City of Brewer,* 474 A.2d 496, 499 (Me.1984); *Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982); *see also Bruk v. Town of Georgetown,* 436 A.2d 894, 897 (Me.1981).

■ We cannot say that the Planning Commission was compelled to conclude that in addition to the parking spaces required by the ordinance, the inclusion in the site plan of parking spaces on the narrow strip denominated "reserved for a road" could be "detrimental or injurious to other private or public development in the neighborhood." Rockland Plaza produced no evidence to establish whether the narrow strip is a public way or a private way in which Rockland Plaza or others might have a legally cognizable interest even though it was its burden to do so. Moreover, we agree with the Superior Court that the Planning Commission was not the proper forum to determine existing property

---

**2.** These are set out in Rockland, Me., Code § 16–204 (1983).

rights in the narrow strip of land and consequently the Superior Court was not in a position to entertain the issue on a Rule 80B appeal. Finally, Rockland Plaza concedes that even without the parking spaces in the narrow strip LaVerdiere's has off-street parking sufficient to establish compliance with the ordinance.

It is an elementary principle of administrative law that an agency has only those powers expressly conferred by statute or such as arise therefrom by necessary implication to allow the agency to carry out the powers accorded them. *Valente v. Board of Environmental Protection*, 461 A.2d 716, 718 (Me.1983); *Clark v. State Employees Appeals Board*, 363 A.2d 735, 737 (Me.1976). The provision of the Rockland City Ordinance, upon which Rockland Plaza relies, *mandates* approval of a site plan *unless* specified conditions are present. Rockland Plaza has not shown that LaVerdiere's site plan violated any of the standards set out in section 16–204(2) of the Rockland City Ordinance. Consequently, in approving the site plan the Planning Commission neither abused its discretion nor committed an error of law.

The entry is: Judgment affirmed.

McKUSICK, C.J., GLASSMAN and SCOLNIK, JJ., concur.

NICHOLS, Justice, dissenting.

I respectfully dissent upon the ground that Rockland Plaza Realty Corp. had no standing to pursue this appeal to Superior Court.

In the first place a party has standing to pursue such an appeal "only where the judgment adversely and directly affects that party's property, pecuniary or personal rights." *Gaynor v. McEachern*, 437 A.2d 867, 871 (Me.1981). Before the Zoning Board of Appeals this Appellant did not assert—much less prove—that it sustained any direct injury. Rather it represented to the Board that this strip was "to be a potential roadway used by the public and the City of Rockland." Rather than attempt to prove title to this strip, this Appellant conceded before the Board that all

there was to show was the appellation "Reserved for a road" inscribed on a tax map.

In the second place, a party has standing to pursue an appeal such as this only if it can demonstrate that it will suffer "a particularized injury" as a result of the Board's action. *New England Herald Development Group v. Town of Falmouth*, 521 A.2d 693, 695 (Me.1987). This Appellant does not assert—much less prove—that it sustained any particularized injury. The Planning Commission had been careful to state, as the Court notes, that approval of the site plan was not to be construed as granting any special rights for the use of this narrow strip.

In sum, Rockland Plaza Realty Corp. is undertaking to act as a private attorney general by defending what it perceives to be certain public rights. It has shown no direct and particularized injury of its own.

I would vacate the judgment below and remand with instructions to dismiss for lack of standing.