MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2016 ME 27
Docket:      Kno-14-542
Argued:      November 5, 2015
Decided:     February 9, 2016

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

SUSAN E. BRYANT

v.

TOWN OF CAMDEN et al.

SAUFLEY, C.J.

[¶1]  In an effort to reduce confusion, costs, and delay in municipal appeals, we today announce more clearly the need for finality in municipal decisions before a municipal entity's action may be appealed to the courts.  Specifically, we consider when a municipal agency's decision constitutes a final action subject to immediate judicial review and when, instead, additional municipal decision making is necessary before an appeal is ripe for consideration by the courts.

[¶2]  Breda, LLC, the owner of the Camden Harbour Inn, applied to the Town of Camden for authorization to increase the number of guest rooms and parking spaces for the Inn, and to reduce the number of seats at the Inn's restaurant.  Because the Inn is located within the Town's Traditional Village District, the Inn was required by the Zoning Ordinance of the Town of Camden to obtain a special exception permit from the Zoning Board of Appeals before

seeking site plan approval from the Planning Board.  *See* Camden, Me., Zoning Ordinance art. VII, § 4(3)(e), art. VIII, § 7(C)(11), art. XII, § 2 (Nov. 5, 2013). The ZBA granted that permit subject to conditions and further consideration by the Planning Board, and allowed the Inn to proceed to the Planning Board for site plan review.  Before site plan review could occur, and in reliance on the language of the Town's Ordinance, *see id.* art. VII, § 2(7), Susan E. Bryant, an abutter, appealed the ZBA's decision granting the special exception permit to the Superior Court. The court (Knox County, *Billings, J.*) affirmed the ZBA's grant of the special exception permit.  Although Bryant's appeal from the grant of the preliminary special exception permit was expressly provided for in the Ordinance, we vacate the judgment of the Superior Court and remand for dismissal of Bryant's complaint because the decision of the ZBA was not a final action subject to appellate review in the courts, and the matter is not justiciable.

## I.  BACKGROUND

[¶3]  Breda, LLC, owns and operates the Camden Harbour Inn, which is located in the Town's Traditional Village District.  In that district, use of land for a hotel is ordinarily permitted only if, among other criteria, the hotel has "more than ten (10) but fewer than fifteen (15) sleeping rooms," with restaurant facilities that "prepare food and serve meals only to overnight guests of that hotel."  Camden, Me., Zoning Ordinance art. VIII, § 7(B)(12).  The Inn, however, has more than

fifteen sleeping rooms, and it prepares food and serves meals to the public—uses that are currently allowed because the uses were "lawful at the time of adoption of this Ordinance." *Id.* art. VI, § 3(1)(a).

[¶4] On December 20, 2013, Breda submitted to the Town an application for a special exception permit to renovate the Inn to eliminate sixteen seats from the restaurant and add eight new rental rooms and four new parking spaces. In the Traditional Village District, the "[e]xpansion of hotels or motels with ten or more rooms offered for rent, legally in existence as of March 11, 1985, within a lot of record existing as of March 11, 1985," is permitted as a special exception, "subject to conformity with applicable space and bulk standards." *Id.* art. VIII, § 7(C)(11). Breda's application included information offered to establish compliance with the criteria for granting a special exception permit, which are related to the size, intensity, and nuisance potential of the proposed use; the possible burden on the Town and impact on surrounding properties; and the natural characteristics of the site. *Id.* art. VII, § 4(3).

[¶5] The ZBA held a public hearing on the application on January 23, 2014. It "defer[red] discussion or findings concerning applicable . . . space and bulk standards for the Planning Board" on site plan review, *see id.* art. XII, § 1(2), and proceeded to determine whether the special exception should be granted based on the special exception criteria. During the ZBA's discussion, the code enforcement

4

officer agreed with the chair that "[e]verything on the Site Plan Review has to be addressed. The Planning Board is in no way bound in their review by anything that the ZBA finds. . . . You are just dealing with the special exception which allows [the applicant] to go forward." *See id.* art. XII, § 2(4)-(6) (requiring the Planning Board to conduct site plan review, with the code enforcement officer evaluating zoning compliance during that process).

[¶6] The ZBA found that the Inn had been operating continuously since before 1985. It also found that the proposed change in use satisfied the special exception criteria. *See id.* art. VII, § 4(3). The ZBA explicitly left several identified issues for the Planning Board to decide during site plan review. Specifically, the ZBA approved the permit "[s]ubject to the conditions that . . . as part of their Site Plan Review, we strongly encourage the Planning Board to take a look at" applicable space and bulk standards, traffic problems, landscape barriers, parking, noise, and lighting. As part of its findings, the ZBA noted an "expectation that this matter will be further reviewed by the Planning Board." The vote on approval "subject to those conditions" was unanimous.

[¶7] On March 7, 2014, Susan E. Bryant, a nearby landowner who had testified at the hearing, filed a complaint in the Superior Court challenging the ZBA's decision to issue the special exception permit. *See* 30-A M.R.S. § 2691(3)(G) (2015); M.R. Civ. P. 80B; Camden, Me., Zoning Ordinance art. VII,

§ 2(7). She commenced the action in the Superior Court based on the Town's Ordinance, which provides, "An appeal may be taken from any decision of the Zoning Board of Appeals to the Superior Court within 45 days after the decision . . . ." Camden, Me., Zoning Ordinance art. VII, § 2(7); *see also* 30-A M.R.S. § 2691(3)(G). The Superior Court affirmed the ZBA's decision, and Bryant appealed to us. *See* 14 M.R.S. § 1851 (2015); M.R. App. P. 2.

## II. DISCUSSION

[¶8] In this opinion, we will (A) begin with an overview of the jurisprudential doctrines of primary jurisdiction, exhaustion of administrative remedies, and ripeness; (B) review the Town's Ordinance to determine what effect, if any, its appeal provisions have on the justiciability of Bryant's appeal; and (C) apply the jurisprudential doctrines requiring the finality of governmental decision making to the appeal now before us.

A. Primary Jurisdiction, Exhaustion of Administrative Remedies, and Ripeness

[¶9] We have considered the doctrines of primary jurisdiction, exhaustion of administrative remedies, and ripeness together in the past because, taken in conjunction, they support the requirement that final administrative decision making occur before a court appeal is taken in order that a court may provide effective review. *See Levesque v. Inhabitants of Town of Eliot*, 448 A.2d 876, 878 (Me. 1982). The doctrine of primary jurisdiction holds that "courts should avoid ruling,

6

on appeal, on matters committed by law to the decision-making authority of an administrative agency before the administrative agency has first had an opportunity to review and decide the facts on the merits of the matter at issue." *Christian Fellowship & Renewal Ctr. v. Town of Limington*, 2006 ME 44, ¶ 40, 896 A.2d 287. Thus, the entity having primary jurisdiction "should make the initial decision." *State ex rel. Brennan v. R. D. Realty Corp.*, 349 A.2d 201, 206 (Me. 1975).

[¶10] "'Primary jurisdiction' and 'exhaustion of administrative remedies' are . . . closely allied in basic function and concept. Each rests on the premise that an agency has the primary authority to make certain decisions deemed relevant to the determination of the controversy." *Id.* Pursuant to the doctrine of exhaustion of administrative remedies, a party must "proceed in the administrative/municipal arena until all possible administrative remedies are exhausted before initiating action in the courts." *Cushing v. Smith*, 457 A.2d 816, 821 (Me. 1983) (quotation marks omitted); *see also Town of Levant v. Seymour*, 2004 ME 115, ¶ 13, 855 A.2d 1159. The exhaustion of administrative remedies is required primarily "to allow administrative agencies to correct their own errors, clarify their policies, and

reconcile conflicts before resorting to judicial relief." *Ne. Occupational Exch., Inc. v. Bureau of Rehab.*, 473 A.2d 406, 409 (Me. 1984) (quotation marks omitted).[1]

[¶11]  Because completed administrative proceedings are a prerequisite to a proper administrative appeal to the Superior Court, the final judgment rule applies to appeals from administrative decisions just as it applies to appeals from judicial decisions. *See Gorham v. Androscoggin Cty.*, 2011 ME 63, ¶ 12, 21 A.3d 115.[2]

[¶12]  We have interpreted the Maine Rules of Civil Procedure and 30-A M.R.S. § 2691 (2015) to authorize an appeal only from "an action that fully decides and disposes of the whole cause leaving no further questions for . . . future consideration and judgment" by the administrative agency. *Gorham*, 2011 ME 63, ¶ 12, 21 A.3d 115 (quotation marks omitted); *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 16, 837 A.2d 148; *Sawin v. Town of Winslow*, 253 A.2d 694, 698 (Me. 1969) ("[A] prerequisite of finality before appeal is sound administrative law

---

[1]  There has been no suggestion that this is a case in which "special circumstances may require a relaxation of the rule," *Stanton v. Trs. of St. Joseph's Coll.*, 233 A.2d 718, 724 (Me. 1967), as when (1) "the reviewing body has no power to grant the requested relief," *Lakes Envtl. Ass'n v. Town of Naples*, 486 A.2d 91, 96 (Me. 1984); (2) the "complaint alleges persuasive grounds for relief which are beyond the jurisdiction of the administrative agency to determine," such that completing the process would be futile, *Stanton*, 233 A.2d at 724; *see Houlton Band of Maliseet Indians v. Boyce*, 1997 ME 4, ¶ 11, 688 A.2d 908; or (3) "only questions of law are involved" in the ultimate determination, *Lakes Envtl. Ass'n*, 486 A.2d at 96.

[2]  None of the traditionally recognized exceptions to the final judgment rule—the death knell, collateral order, and judicial economy exceptions—is at issue here. *See Aubry v. Town of Mount Desert*, 2010 ME 111, ¶ 5, 10 A.3d 662.

8

....").[3] In the absence of a final administrative decision—as in the absence of a final court judgment—an appeal is unripe because an appellate court cannot undertake complete and meaningful appellate review. *See Gorham*, 2011 ME 63, ¶ 12, 21 A.3d 115; *Cushing*, 457 A.2d at 821; *Levesque*, 448 A.2d at 878.

B.    The Town's Ordinance Governing Appeals

[¶13]    The Camden Ordinance broadly authorizes an appeal "from *any* decision of the Zoning Board of Appeals to the Superior Court within 45 days after the decision." Camden, Me., Zoning Ordinance art. VII, § 2(7) (emphasis added); *see also* 30-A M.R.S. § 2691(3)(G) ("Any party may take an appeal, within 45 days of the date of the vote on the original decision, to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B."). Thus, the Ordinance ostensibly authorizes Bryant's appeal, and indeed, the Town argued to us that the Ordinance is designed to authorize an individual appeal to the Superior Court from each separate or discrete, preliminary or intermediate decision of the municipal agent or agency along the path to a final authorization or rejection of a proposed use.

---

[3]    This is not a case in which "all that remains for the [municipal decision maker] to do [on remand] is the ministerial act of issuing an order of final approval of the plan." *Rockland Plaza Realty Corp. v. City of Rockland*, 2001 ME 81, ¶ 6, 772 A.2d 256. Nor is this a situation in which the combined effect of multiple municipal decisions establishes finality. *See Cardinali v. Town of Berwick*, 550 A.2d 921, 922 (Me. 1988).

[¶14] Although the Town's Ordinance purports to authorize this inefficient, time-consuming, and expensive process, the provisions allowing for such piecemeal review cannot be given effect. A town may not create an appealable event that does not comply with judicially established doctrines requiring finality of decision making. Specifically, the doctrines of primary jurisdiction, exhaustion, and ripeness may not be overwritten through a town's exercise of the ordinance authority conferred on it by the Legislature. *See* 30-A M.R.S. § 3001 (2015) ("Any municipality, by the adoption, amendment or repeal of ordinances or bylaws, may exercise any power or function which the Legislature has power to confer upon it, which is not denied either expressly or by clear implication . . . ."). Simply put, the legislative power vested in a municipality through home rule may not supplant the power of the courts to determine whether a justiciable controversy has been presented.[4]

[¶15] Thus, although the Town's Ordinance authorizes appeal from "any" ZBA decision to the Superior Court, we require a final agency decision so that we may prevent piecemeal appeals from municipal decisions that do not finally dispose of a matter. *See State ex rel. Brennan*, 349 A.2d at 207 ("As a matter of

---

[4] "The powers of this government shall be divided into 3 distinct departments, the legislative, executive and judicial," and "[n]o person or persons, belonging to one of these departments, shall exercise any of the powers properly belonging to either of the others," except as the Maine Constitution expressly directs or permits. Me. Const. art. III, §§ 1, 2.

10

*judicial policy* we will generally not decide an issue concerning which an administrative agency has decision capacity until after the agency has considered the issue.").

C.    Application of the Justiciability Doctrines to the Matter Before Us

[¶16]    In the matter before us, multiple Town agents—the ZBA, the Planning Board, and the code enforcement officer—are responsible for decision making.    Specifically, an application for a special exception permit must be presented to the code enforcement officer, after which the ZBA decides whether a permit should be granted.    Camden, Me., Zoning Ordinance art. VII, § 4(2), (3).    Before the proposed use may be finally approved, however, the Planning Board must conduct a site plan review, with zoning compliance evaluated during that process by the Town's code enforcement officer.    *See id.* art. XII, §§ 1(2), 2(4), (5).    Appeals from Planning Board decisions on site plan review are then taken to the ZBA, with authorization for aggrieved parties to appeal from the ZBA's decision to the Superior Court.    *Id.* art. XII, § 2(8).

[¶17]  When municipal procedures raise confusion about which decision, by which decision maker, constitutes final municipal action, proceedings are unnecessarily delayed, resulting in expense to both private parties and taxpayers. *See Paradis v. Town of Peru*, 2015 ME 54, ¶ 8 n.5, 115 A.3d 610; *Witham Family Ltd. P'ship v. Town of Bar Harbor*, 2015 ME 12, ¶ 5 n.2, 110 A.3d 642.  "An

unripe appeal, followed by our necessary dismissal, needlessly consumes additional time and resources." *Aubry v. Town of Mount Desert*, 2010 ME 111, ¶ 6, 10 A.3d 662. With multiple Town agents involved, it may be difficult for those who seek, or oppose, a change in land use to determine which municipal decisions they must appeal as final decisions to preserve claims of error.[5]

[¶18]  Given these concerns of delay and expense in court proceedings, when reviewing decisions of municipalities with multiple stages of review by multiple decision-making agents or agencies, judicial process must be limited in duration, streamlined, and effective. "[R]equiring parties with nascent grievances to file Rule 80B complaints pro forma to prevent losing their right of appeal is not an efficient use of judicial resources." *Gorham*, 2011 ME 63, ¶ 16, 21 A.3d 115. Rather, the public and private interests, including an overarching interest in judicial economy, are best served by a rule that makes all parties aware that preliminary municipal decisions leading up to final approval or disapproval by the municipality

---

[5]  "At some point, excessively long, repeated, and inconsistent consideration of an issue, without a final result, may become a due process concern . . . ." *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 20, 837 A.2d 148. No party has raised a due process issue at this stage of the proceedings, but we take this opportunity to note, as we have in the past, that ordinances requiring decision making by multiple municipal entities generate confusion regarding which decision or decisions may be appealed, and when an appeal must be commenced. *See Witham Family Ltd. P'ship v. Town of Bar Harbor*, 2015 ME 12, ¶ 5 n.2, 110 A.3d 642. "Parties affected by municipal decision-making would benefit from efforts by the Legislature, or individual municipalities, to specify how and when to appeal" from final municipal decisions consistent with the requirement that a decision brought to a court for review must be final. *Id.*

12

need not be separately appealed to preserve claims of error. *See Carroll*, 2003 ME 135, ¶¶ 16-24, 837 A.2d 148.

[¶19]  Here, although the ZBA has approved a special exception permit, it has conditioned its permit on the Planning Board additionally approving the use after full site plan review.  The appellate record does not report any Planning Board or code enforcement officer action on the review of the site plan.  The yet-unrealized further actions of the Planning Board and code enforcement officer might result in the outcome that Bryant seeks, and if they do not, Bryant may appeal to the ZBA.  *See* Camden, Me., Zoning Ordinance art. XII, § 2(8).  Until a final decision is rendered regarding the use that Breda has proposed, Maine's courts cannot effectively review the Town's administrative decision making.  *See Gorham*, 2011 ME 63, ¶ 12, 21 A.3d 115; *Cushing*, 457 A.2d at 821; *cf. Aubry*, 2010 ME 111, ¶ 6, 10 A.3d 662 ("With a process that is already complex . . . we urge parties involved in municipal proceedings to carefully review the issue of finality before appealing from an order that remands a matter to another decision-maker.").  Because additional process is required by the Town's Ordinance before a final decision on the Inn's proposed changes is reached, Bryant's complaint is premature.

[¶20]  The Superior Court's judgment must be vacated and the Rule 80B complaint dismissed so that the Town entities have the opportunity to complete

their consideration of Breda's proposed use.  Upon any later judicial review of the Town's final action, arguments may be raised with respect to those components of the administrative process that led to the final decision on the proposed use.  *See Carroll*, 2003 ME 135, ¶¶ 16-24, 837 A.2d 148 (holding that, because preliminary administrative decision making does not constitute final action that is ripe for appellate review in the Superior Court, the time period for taking an appeal runs from the time of the final agency action).  Thus, to the extent that any of Bryant's arguments regarding the special exception permit granted by the ZBA remain relevant after a final decision has been rendered, those arguments may be raised in an appeal from the final decision.

## III.  CONCLUSION

[¶21]  Breda's proposal to eliminate sixteen seats in its restaurant and add eight guest rooms and four parking spaces at the Inn has now been pending for two full years, and we have no indication on this record that the proposal has even reached consideration by the Planning Board.  The costs and delays resulting from the Town's explicit authorization of interlocutory appeals from each intermediate step of a multi-part process are evident.

[¶22]  We again encourage Maine's cities and towns, perhaps with the assistance of the Maine Municipal Association, to review the myriad provisions in local ordinances addressing finality and appealability.   The creation of

standardized, understandable, and comprehensive rules for the provision of appellate review could substantially diminish the problems of cost and delay created by the language of the municipalities' disparate ordinances. *See Hartwell v. Town of Ogunquit*, 2015 ME 51, ¶ 2 n.1, 115 A.3d 81 (noting that the Brookings Institution published a report recommending the adoption of a model zoning ordinance in Maine); Brookings Inst. Metro. Policy Program, *Charting Maine's Future: An Action Plan for Promoting Sustainable Prosperity and Quality Places* 12 (Oct. 2006), http://www.brookings.edu/research/reports/2006/10/charting-maines-future.

The entry is:

> Judgment vacated. Remanded for dismissal of complaint.

---

**On the briefs:**

Ryan P. Dumais, Esq., John J. Moran, Esq., Eaton Peabody, Brunswick, for appellant Susan E. Bryant

William S. Kelly, Esq., and Kristin M. Collins, Esq., Kelly & Collins, LLC, Belfast, for appellee Town of Camden

Stephen W. Hanscom, Esq., Crandall, Hanscom & Collins, P.A., Rockland, for appellee Breda, LLC

**At oral argument**

Ryan P. Dumais, Esq., for appellant Susan E. Bryant

Kristin M. Collins, Esq., for appellee Town of Camden

Stephen W. Hanscom, Esq., for appellee Breda, LLC

Knox County Superior Court docket number AP-2014-3
FOR CLERK REFERENCE ONLY