STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. PORSC-AP-22-32

GORHAM SAND & GRAVEL,

Petitioner,

v.

TOWN OF SEBAGO,

Respondent,

Plaintiff-Bruce Hepler, Esq.
and Ben Hartwell, Esq.
Defendant-John Wall, Esq.
Non-parties Laliberte-David Silk, Esq.

**COMBINED ORDER
ON PENDING MOTIONS**

REC'D CUMB CLERKS OF(
MAR 2 '23 PM12:39

Before the Court are three pending motions: a Motion for Trial filed by Petitioner

Gorham Sand & Gravel ("GSG"), a Motion to Dismiss by Respondent Town of Sebago

("Town"), and another Motion to Dismiss by Robert and Marcella Laliberte ("Labertes"), who

are not currently parties to this action.

**Background**

The following background is taken from the Complaint:[1]

In April 2021, GSG purchased a 200-acre lot of undeveloped land in Sebago after

confirming with the Town of Sebago that operating a quarry was an allowed use in the zoning

district but would need Planning Board approval. GSG hired an engineering firm with quarry

experience, Sebago Technics, to help it conduct due diligence and met with the Town of Sebago

about its plans. Then GSG submitted its site review application ("Application") to the Planning

---

[1] M.R. Civ. P. 80B(d)(1) requires that "[w]here a motion is made for a trial of the facts pursuant to subdivision (d) of this Rule, the moving party shall be responsible to ensure the preparation and filing of the record and such record shall be filed with the motion." No record has yet been filed.

1

Board in September 2021. The Planning Board held a public hearing on October 12, 2021, at which it reviewed the Application. At another Planning Board meeting November 9, 2021, the Planning Board decided to hold a vote on the Application on December 14, 2021, without objection from GSG.

Before the next meeting, the Town passed a moratorium ("First Moratorium") disallowing new quarrying permits. At the December 14 meeting, the Planning Board discussed the recently passed moratorium, and most members did not think it properly applied to the pending Application. The Planning Board then considered the Application, finding that each of eighteen requirements had been met. It approved the application upon two conditions: (1) that GSG obtain a $500,000 reclamation bond and (2) GSG have its sound engineer revise the sound study to reflect the noise and vibrations at the nearest property lines rather than the nearest dwellings. The Planning Board issued a Notice of Decision and Findings of Fact the following day. GSG thereafter obtained the bond and revised the study, which confirmed the quarry would meet noise limits at the property lines. A town meeting was held on January 25, 2022 where another moratorium ("Second Moratorium") was adopted.

The Town of Sebago and others, referred to as the "Shute-Laliberte" parties, appealed the Planning Board decision to the ZBA. The ZBA issued two decisions on the appeals – one on the Town's appeal and another on the Shute-Laliberte appeals. The decision on the Town's appeal considered whether the First Moratorium should have governed the Application. The ZBA found that appeal was moot due to the passage of the Second Moratorium. The decision on the Shute-Laliberte appeals vacated the Planning Board's approval, taking some additional evidence and finding that certain requirements of the Application had not been met and that the application fee should have been $43,000, without giving GSG opportunity to be heard on that issue.

2

GSG filed a M.R. Civ. P. 80B Petition for Review of the decision of the ZBA vacating the approval of GSG's Application for a proposed quarry. The appeal argues that the ZBA applied an incorrect standard of review and failed to give proper deference to the Planning Board's findings, that the ZBA improperly ruled on issues not raised for appellate review, that substantial record evidence supports the Planning Board's decision, and that the ZBA erred in concluding GSG had not met requirements in the applicable ordinance. Count I, the Petition for Review, requests this Court vacate the ZBA's decision. Count II seeks a declaratory judgment that the two moratoria passed by the Town were fatally defected, unnecessary, and do not prevent approval of GSG's Application.

The Court has granted Petitioner's unopposed Motion to Specify the Future Course of Proceedings to allow time for discovery relating to the Petitioner's request for declaratory relief. Pending are Respondent's Motion to Dismiss both claims, Petitioner's Motion Requesting a Trial to Permit the Introduction of Evidence, and the Lalibertes' Motion to Dismiss Petitioner's Rule 80B Appeal for Failure to Join Persons Needed for Just Adjudication. The Court addresses each of these motions below.

**Discussion**

(1) The Town's Motion to Dismiss

The Town moves this Court to dismiss both counts in GSG's Complaint.

*a. Count I: 80B Petition*

The Town argues that the ZBA did not issue a final judgment and therefore no decision is appealable. GSG responds that the appeal should be heard because it is explicitly authorized by statute and town ordinance, a final judgment exists, an exception to the final judgment rule applies, and the ZBA exceeded its authority.

3

"A judgment is final only if it disposes of all the pending claims in the action, leaving no questions for the future consideration of the court." *Bank of N.Y. v. Richardson*, 2011 ME 38, ¶ 7, 15 A.3d 756. The final judgment rule prevents appeals until a final judgment has been rendered in a case, with a few exceptions. *Doe v. Roe*, 2022 ME 39, ¶ 13, 277 A.3d 369. The rule conserves judicial resources and minimizes interference with the trial court, among other purposes. *Id.* The rule may prevent appeals even where appeal is expressly provided for in a Town ordinance. *Bryant v. Town of Camden*, 2016 ME 27, ¶ 14, 132 A.3d 1183 ("[T]he legislative power vested in a municipality through home rule may not supplant the power of the courts to determine whether a justiciable controversy has been presented.").

GSG's argument that town ordinance authorizes the appeal fails in light of *Bryant*, 2016 ME 27, ¶ 14, 132 A.3d 1183, and the cited statute, 30-A M.R.S. § 2691(3)(G) does not repeal the final judgment rule in this context but establishes a time period for appeal.[2] GSG cites *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 4, 868 A.2d 161, for the proposition that the Planning Board decision is reviewable because the ZBA's prescribed role is appellate. *Gensheimer* only directed courts which decision, the appellate or underlying decision, they should review when considering an appeal from a final agency action. This Motion raises a prior consideration – whether there is a final agency decision ready for review. The parties agree that the matter of GSG's Application has not been finally settled by the Planning Board. Because the matter is still pending, the Court finds that the decision of the ZBA was not a final judgment. The ZBA decision is not appealable unless GSG is correct that the judicial economy exception applies.

---

[2] "Any party may take an appeal, within 45 days of the date of the vote on the original decision, to Superior Court from any order, relief or denial in accordance with the Maine Rules of Civil Procedure, Rule 80B. This time period may be extended by the court upon motion for good cause shown. The hearing before the Superior Court must be without a jury." § 2691(3)(G).

4

The judicial economy exception to the final judgment rule is only available "in those rare cases in which appellate review of a non-final order can establish a final, or practically final, disposition of the entire litigation." *Hearts with Haiti, Inc. v. Kendrick*, 2019 ME 26, ¶ 18, 202 A.3d 1189 (quoting *U.S. Dep't of Agric., Rural Hous. Serv. v. Carter*, 2002 ME 103, ¶ 13, 799 A.2d 1232). The exception also requires a conclusion that "the interests of justice require that immediate review be undertaken." *Maples v. Compass Harbor Vill. Condo. Ass'n*, 2022 ME 26, ¶ 17, 273 A.3d 358 (quoting *Quirion v. Veilleux*, 2013 ME 50, ¶ 9, 65 A.3d 1287).

The Court concludes that the first prong is met. If the Court were to grant GSG's Petition in full, reversing the ZBA's order, the matter would be resolved because the application would be finally approved. *See Maples v. Compass Harbor Vill. Condo. Ass'n*, 2022 ME 26, ¶ 17 n.9, 273 A.3d 358 ("[W]ith respect to the first requirement, a party need only demonstrate that, in at least one alternative, our ruling on appeal might establish a final, or practically final, disposition of the entire litigation."). The Court finds, however, that the second prong is not met. GSG has not shown that the de novo review was improper. *See* 30-A M.R.S. § 2691(C)(3) (stating that when a board of appeals established after September 23, 1971 is directed to conduct an appellate review rather than de novo, the board may not accept new evidence). If the Court were to apply the cited statute, it is unclear whether it would govern the ZBA because it is not clear from the current record when the ZBA was established.

Moreover, the Law Court has explained that once a town makes a final decision on a certain application, an appeal may include arguments "raised with respect to those components of the administrative process that led to the final decision on the proposed use." *Bryant*, 2016 ME 27, ¶ 20, 132 A.3d 1183. If this Petition for Review is dismissed because there is no final decision and no exception to the final judgment rule applies, GSG will be able to raise its

5

arguments regarding the ZBA's actions in a future appeal. The Court concludes that the interests of justice do not require excepting this Petition for Review from the final judgment rule. The Court grants the Motion to Dismiss with respect to Count I, Petition for Review.

### b. Count II: Declaratory Judgment

As to Count II, the Town argues that there is no live dispute regarding the moratoria. GSG disagrees, arguing that the Law Court allows anticipatory challenges to ordinances such as a moratorium, that the Town argued on the basis of the moratoria before the ZBA, and that the moratorium in place relates to the decision of the Planning Board on remand. It also argues that if it prevails before the Planning Board, the Second Moratorium will prevent the issuance of a permit from the Code Enforcement Officer, and that judicial economy would be served by considering the moratoria now due to the potential for multiple appeals based on the same issue. The Town responds, arguing that if the Planning Board finds GSG's application fails to meet requirements, the moratoria will never be applied to GSG's application.

When seeking preventative relief under the Declaratory Judgment Act, 14 M.R.S. §§ 5951-5963, plaintiffs do not need to establish a particularized injury to show a justiciable controversy. *Blanchard v. Town of Bar Harbor*, 2019 ME 168, ¶ 12, 221 A.3d 554. Instead, the plaintiff must only show that "he has some private or particular interest to be subserved, or some particular right to be pursued or protected . . ., independent of that which he holds in common with the public at large." *Buck v. Town of Yarmouth*, 402 A.2d 860, 861 (Me. 1979). This declaratory judgment action seeks preventative relief because it asks that the Court find the moratoria will not affect GSG. GSG aims to protect its interest in the proposed quarry, as it has an application pending to open the quarry and the Second Moratorium is specifically targeted at preventing quarries from opening. The Court finds that GSG has shown a sufficient unique

6

interest such that Count II will withstand the justiciability challenge. It denies the Town's Motion as to Count II.

### (2) Labertes' Motion to Dismiss

The Court notes that the Labertes are not currently parties to this action. If they wish to file substantive motions, they must take the procedural steps to accomplish party status. *Town of Arundel v. Dubois Livestock, Inc.*, 2019 ME 104, ¶ 7, 211 A.3d 202. Moreover, dismissal is not the proper remedy for failure to join parties when joinder is feasible. *See* M.R. Civ. P. 19. Therefore, the Court denies the Laberte Motion to Dismiss. The Court also notes that because it granted the Town's Motion as to Count I, the Laliberte Motion would be moot if it were properly before the Court.

### (3) Plaintiff's Motion for Trial

Plaintiff's Motion for Trial, which is directed at Count II, has already been addressed by the Court's Order on GSG's Motion to Specify the Future Course of Proceedings, which allows time for discovery on Count II. *See Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 11 n.7, 743 A.2d 237 (advising Petitioners who bring independent counts in a Rule 80B action to file a Motion to Specify the Future Course of Proceedings rather than a Motion for Trial). Plaintiff's Count II for declaratory relief is not bounded by the procedural rules of a Rule 80B Petition. The Court finds that the Motion for Trial is moot and clarifies that Plaintiff has the opportunity for discovery and a trial on its Count II.

7

The entry is:

Plaintiff Gorham Sand & Gravel's Motion for Trial is MOOT. The Town's

Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Count I of

the Complaint is DISMISSED, and Count II withstands the Motion. The Laliberte

Motion to Dismiss is DENIED.

The Clerk is directed to enter this Order on the docket for this case by incorporating it by

reference. M.R. Civ. P. 79(a).

3/2/23

**DATE**

**SUPERIOR COURT JUSTICE**
M. Michaela Murphy

Entered on the Docket: 03/02/23

8

**STATE OF MAINE**
Cumberland, ss.

**SUPERIOR COURT**
Civil Action
Docket No. AP-22-32

Gorham Sand & Gravel, Inc.,

Plaintiff,

v.

Town of Sebago,

Defendant

ORDER ON PLAINTIFF'S
MOTION REQUESTING COURT TO
SPECIFY THE FUTURE COURSE OF
PROCEEDINGS

After consideration of Plaintiff's Motion Requesting Court to Specify the Future Course of Proceedings, the Motion is hearby ACCEPTED and hereby GRANTED. The Court shall specify the future course of proceedings to allow time for discovery relating to the Plaintiff's count to request for declaratory relief of moratoria enacted by the Town of Sebago.

Dated: _____

_____
Justice, Superior Court
M. Michaela Murphy

Entered on the Docket: 03/02/23